IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **WILLIAM T. POSA,** aka Bill Posa, and **DONNA M. POSA,** Debtor(s), | : : : | **Chapter 13** Case No. **5:19-bk-03815-MJC** |
| **WILLIAM T. POSA** and **DONNA M. POSA,** Movants(s), **MONROE COUNTY TAX CLAIM BUREAU, DAVID L. SLOTZFUS, JENNIFER ERLER-CILENTO,** as Administrator of the Estate of John K. Erler, and **JACK N. ZAHAROPOULOS,** Trustee, Respondent(s), | : : : : : : : : : | 11 U.S.C. § 363 **Sale Free and Clear of Liens & Encumbrances** |

## OBJECTION TO MOTION TO SELL REAL ESTATE
## FREE AND CLEAR OF ENCUMBRANCES

AND COMES NOW **JENNIFER ERLER- CILENTO,** as Administrator of the Estate of John K. Erler, a secured creditor by virtue of a perfected mortgage interest in the subject property, through their attorney, J. ZAC CHRISTMAN, Esquire, with Objection to Motion to Sell Real Property Free and Clear of Encumbrances of 423 Ramblewood Drive, Saylorsburg, PA 18353, and in support thereof, aver(s) as follows:

1. Debtor **WILLIAM T. POSA** and **DONNA M. POSA** ("Debtors") filed the instant Bankruptcy Case on September 9, 2019 ("the Petition Date").

2. Since January 7, 1997, John K. Erler has held a duly perfected, recorded mortgage security interest in the real estate currently known as 423 Ramblewood Drive, Saylorsburg, PA 18353 and tax parcel 15/87424, previously known as 77 Ramblewood Drive, Saylorsburg, PA 18353 ("the Property"). The mortgage indenture in the face amount of forty thousand ($40,000) dollars recorded at Deed Book 2198 and Page 5439, on January 7, 1997, dated May 1, 1996 ("the

Original Mortgage") with the Recorder of Deeds for Monroe County, is incorporated herein by reference as if set out at length.[1]

3. Due to nonpayment, the Original Mortgage was replaced by the mortgage in the face amount of seventy-three thousand five hundred ten ($73,510) dollars recorded at Deed Book 2032 and Page 9599, on August 11, 2004, dated August 1, 1994 ("the First Mortgage") with the Recorder of Deeds for Monroe County. The First Mortgage is incorporated herein by reference as if set out at length.

4. Debtors filed a Chapter 13 Bankruptcy Case on or about September 11, 2012, docketed with this Court as 5:12-bk-05334 ("the First Bankrutpcy Case").

5. On or about April 22, 2013, Debtor filed a Proof of Claim on behalf of John K. Erler in the First Bankruptcy Case indicating an amount due of $82,855.63 and arrears of $15,000.

6. The mortgage of David L. Stoltzfus was not recorded until December 8, 2014, at Deed Book 2447, Page 1513 (the Second Mortgage") with the Recorder of Deeds for Monroe County.

7. David L. Stoltzfus had constructive notice of the First Mortgage prior to executing the Second Mortgage on August 21, 2014, prior to his recording of the Second Mortgage.

8. The mortgage of David L. Stoltzfus was entered into and recorded in violation of the automatic stay in the First Bankruptcy Case, which pending until August 16, 2015.

9. As such, the mortgage of David L. Stoltzfus is *void ab initio*.

10. John K. Erler passed on or about September 5, 2014.

---

[1] Objector references documents filed with the Recorder of Deeds for Monroe County, documents filed on the dockets of this Court, and the dockets of this Court. Such documents are subject to judicial notice. All such documents can be made available to Court as necessary.

11. **JENNIFER ERLER- CILENTO** as Administrator of the Estate of John K. Erler ("Objector") was subsequently appointed to represent the Estate of John K. Erler.

12. Objector received payments from the Trustee in the First Bankruptcy Case.

13. Due to having received payments from the Trustee without filing a Proof of Claim in the First Bankruptcy Case, Objector errantly failed to file a Proof of Claim in the current case.

14. The failure to file a Proof of Claim has no impact on the validity of the First Mortgage. See, e.g., Federal Rule of Bankruptcy Procedure Rule 3002(a):

> Necessity for Filing. A secured creditor, unsecured creditor or equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005. A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim.

See also *In re Pajian*, 785 F.3d 1161, 1165 (7th Cir. 2015).

15. Neither the Second Amended Chapter 13 Plan nor the Third Amended Chapter 13 Plan sought to avoid any liens.

16. While Debtors have filed an Adversary Proceeding, that Adversary Proceeding was filed in bad faith without any basis in the law or any reasonable extension of the law, as it relies entirely on 11 U.S.C. § 506(d), with the hope that this Court might not read the final subsection:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, **unless**— (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) **such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.**

17. There is no basis for the sale of the Property free and clear of the lien of Objector.

18. Objector hereby incorporates the proposed Order filed with this Motion by reference as if set out at length.

3

WHEREFORE, **JENNIFER ERLER- CILENTO,** as Administrator of the Estate of John K. Erler, prays this Honorable Court for an Order that DENIED the Motion to Sell Real Property of the Estate: 409 North Eighth Street, Stroudsburg, PA 18360, or, in the alternative, for an ORDER that GRANTS the Motion to Sell Real Property Free and Clear of Encumbrances pursuant the proposed Order that is filed with this Motion, and for such other and further relief as the Honorable Court deems just and appropriate.

Respectfully submitted,

/s/ J. Zac Christman
J. Zac Christman, Esquire
Attorney for Objector
556 Main Street, Suite 12
Stroudsburg, PA 18360
(570) 234-3960; fax (570) 234-3975
zac@fisherchristman.com